883 F.2d 75
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Raymond Otha JACKSON, Plaintiff-Appellant,
v.
Stephen H. NORRIS; Michael Dutton, Warden; Michael
Kendrick, Defendants-Appellees.
 No. 89-5565.
 United States Court of Appeals, Sixth Circuit.
 Aug. 16, 1989.
 
 Before ENGEL, Chief Judge and NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Jackson moves for a transcript at government expense on appeal from the district court's order dismissing this prisoner's civil rights case. 42 U.S.C. Sec. 1983. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Jackson is a prisoner at the Tennessee State Prison in Nashville, Tennessee. The defendants are the director of the Tennessee Department of Corrections, the warden at the prison, and the officer in charge of the prison's mail. In his complaint, Jackson alleged that the defendants allowed his legal mail to be opened on three occasions. On the third occasion, the prison official who opened the mail took a check from the Tennessee Board of Claims and deposited the check in Jackson's prison account. Jackson alleged that this action deprived him of his right to accept or reject the settlement offer from the Board of Claims. It should also be noted that during the proceedings in the district court, Jackson filed numerous affidavits enumerating additional times that his legal mail was opened.
 
 
 3
 The district court did not specify the Federal Rule of Civil Procedure underlying its dismissal of the case. Because the parties presented matters outside of the pleadings, the disposition must be construed as a grant of summary judgment. Fed.R.Civ.P. 12(b). Summary judgment shall be granted if the record shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). An issue is genuine if a reasonable jury could return a verdict for the nomoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).
 
 
 4
 The district court decided the case against Jackson because the case involved only an isolated incident and because Jackson had not shown sufficient injury. Upon an examination of the record, we hold that the district court's findings of fact concerning the isolated nature of the occurrences are clearly erroneous. Fed.R.Civ.P. 52(a). The record shows numerous alleged violations of Jackson's first amendment rights concerning his legal mail. This repeated interference with Jackson's incoming mail states a claim for a first amendment violation. See Parrish v. Johnson, 800 F.2d 600, 604 (6th Cir.1986). The defendants are not entitled to summary judgment as a matter of law on this ground.
 
 
 5
 Concerning the need for specific evidence of actual injury, the rule in this circuit is that general damages will be presumed from a first amendment violation. Parrish, 800 F.2d at 606-07. Therefore, Jackson did not need to show specific injury. In any event, Jackson has alleged that the prison official deposited his check in his prison account, thereby denying him the right to accept or reject the settlement offer from the Board of Claims. While the exact amount of damage based on this injury may be difficult to determine, the allegation is sufficient to satisfy the actual injury requirement. Because the grounds upon which the district court chose to grant summary judgment against Jackson were incorrect, we vacate the order of the district court and remand the case for further proceedings.
 
 
 6
 In the magistrate's report in this case, the magistrate indicated that another district court case involved the mail regulations in Tennessee prisons. Buck v. Rose, No. 82-3340 (M.D.Tenn. Dec. 7, 1984). This court has held that one judge and one class action should hear challenges to the conditions of confinement in a state prison system. Groseclose v. Dutton, 829 F.2d 581, 584-85 (6th Cir.1987). Upon remand, then, the district court may wish to consider consolidating this cause with Buck, if appropriate.
 
 
 7
 The motion for a transcript at government expense is denied. The order of the district court is vacated and the case is remanded under Rule 9(b)(6), Rules of the Sixth Circuit, for further proceedings consistent with this order.